# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| EMILY HOLMES, | ) | CASE NO. 1:17-cv-1648 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Parker (Doc. No. 17) with respect to plaintiff's complaint for judicial review of defendant's denial of her application for Disability Insurance Benefits ("DIB") under 42 U.S.C. §§ 416(i), 423, 1381, *et seq.* (the "Act"). Plaintiff filed objections to the R&R (Doc. No. 18 ("Obj.")) and defendant filed a response to the objections (Doc. No. 19 ("Resp.")). Upon *de novo* review and for the reasons set forth below, the Court hereby overrules plaintiff's objections, accepts the R&R, and dismisses this case.

## I. BACKGROUND

Plaintiff filed her application for DIB on October 27, 2015. (Doc. No. 11 (Transcript ["Tr."]) 273-76.[1]) The application was denied initially (*id*. 174-82), and upon reconsideration (*id.* 185-91). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.* 192-93.) The hearing, at which plaintiff appeared (represented by counsel), was conducted on December

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

21, 2016. The hearing transcript is in the record. (*Id*. 102-38.) On February 1, 2017, the ALJ issued

his decision, determining that plaintiff was not disabled under the Act. (*Id.* 78-96.)

Plaintiff timely filed the instant action under 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking

judicial review. Plaintiff, represented by counsel, filed a brief on the merits (Doc. No. 13 ("Pl.

Br.")), and defendant filed a response brief on the merits (Doc. No. 16 ("Def. Br.")).

On June 11, 2018, Magistrate Judge Parker issued his R&R, recommending that

defendant's decision be affirmed because the ALJ's finding that plaintiff's mental impairment does

not satisfy the paragraph B and C criteria of Listing 12.04 was supported by substantial evidence.

(Doc. No. 17.)

## II.  DISCUSSION

### A.    Standard of Review

This Court's review of the Magistrate Judge's R&R is governed by 28 U.S.C. § 636(b),

which requires a de novo decision as to those portions of the R&R to which objection is made.

"An 'objection' that does nothing more than state a disagreement with a magistrate's suggested

resolution, or simply summarizes what has been presented before, is not an 'objection' as that term

is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). *See also*

Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate

judge's disposition that has been properly objected to[]"); Local Rule 72.3(b) (any objecting party

shall file "written objections which shall specifically identify the portions of the proposed findings,

recommendations, or report to which objection is made and the basis for such objections[]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal

standards and whether there is "substantial evidence" in the record as a whole to support the

decision. 42 U.S.C. § 405(g); *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir.

2005). "Substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). If there is substantial evidence to support the defendant's decision, it must be affirmed even if the reviewing court might have resolved any issues of fact differently and even if the record could also support a decision in plaintiff's favor. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.") (citations omitted).

B.    **Analysis**

Plaintiff raised a single challenge in her brief on the merits, namely, that the ALJ erred in concluding that her conditions did not meet or medically equal the criteria of Listing 12.04. The R&R meticulously set forth the relevant record evidence upon which the ALJ's factual findings were based (R&R at 786-801), and concluded that this constituted "substantial evidence" for denying plaintiff's DIB application.

In her objections, plaintiff argues that the R&R "did not fully evaluate equivalency to Listing 12.04." (Obj. at 814.) In particular, plaintiff asserts that, based upon the findings of Pamela Pardon, a mental health nurse,[2] plaintiff satisfies the "B" criteria of Listing 12.04 because plaintiff

---

[2] According to plaintiff Nurse Pardon found that plaintiff has poor short-term memory and has difficulty following directions and functioning productively; that she is unable to sustain her attention, particularly during manic episodes; that plaintiff is easily distracted, irritable and anxious when in social situations, and unable to handle pressures at work or elsewhere; and that plaintiff may experience mental breakdowns and resort to self-injurious behavior. (Obj. at 816, with record citations.)

has "marked limitations in interacting and relating to others, and in attending to and completing tasks." (Obj. at 816.).[3] Plaintiff made the same argument in her brief on the merits. But, as pointed out by the R&R, Nurse Pardon's assessment was accorded only partial weight by the ALJ, who recognized that she was not considered an "acceptable medical source." (R&R at 808.) Nonetheless, the ALJ addressed Nurse Pardon's assessments in considerable detail in light of the other record evidence (*see* Tr. 91-92), and expressly stated that her "opinion has been fully considered, . . . in order to gain further insight into the severity of the [plaintiff's] limitations pursuant to SSR 06-03p." (*Id.* 92.)

It is within the ALJ's "discretion to determine the proper weight to accord opinions from 'other sources' such as nurse practitioners." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 541 (6th Cir. 2007) (also explaining that, with the growth of managed care and its focus on containing costs, "medical sources who are not 'acceptable medical sources,' such as nurse practitioners . . . have increasingly assumed a greater percentage of the treatment and evaluation functions handled primarily by physicians and psychologists."(quotation omitted)).

Plaintiff also challenges the R&R's review of the ALJ's consideration of the "C" criteria of Listing 12.04. She argues that "[t]he ALJ purports to consider the 'C' criteria but review of his decision shows he fails to provide a sufficient explanation as to why Plaintiff's condition does not satisfy the 'C' criteria." (Obj. at 816.) Plaintiff challenges the following statement of the ALJ as an insufficient explanation for his conclusion that she failed to satisfy the "C" criteria:

> [T]he record does not show that the claimant has a medically documented history
> of the existence of a serious and persistent mental disorder over a period of at least
> 2 years, and there is not evidence of both of the following: 1) medical treatment,
> mental health therapy, psychosocial support(s), or highly structured settings that is

---

[3] To satisfy paragraph B of Listing 12.04, a plaintiff has the burden of showing a mental impairment that results in an "[e]xtreme limitation of one, or marked limitations of two," of the criteria listed therein.

ongoing and that diminishes symptoms or signs of the mental disorder AND 2) a marginal adjustment, that is, evidence of a minimal capacity to adapt to changes in the environment or to demands that are not already a part of daily life.

(Tr. 87.) Plaintiff argues that "[n]o other explanation is provided regarding this Listing." (Obj. 817.) Therefore, in plaintiff's view, the ALJ "fail[ed] to address equivalency." (*Id.*)[4]

Plaintiff's view is wrong. The Sixth Circuit has rejected a "heightened articulation standard" for a listings analysis. *Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006) (looking to findings elsewhere in the ALJ's decision and stating that there is no need for the ALJ to "spell out every fact a second time"). An ALJ's decision is to be read as a whole. *Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 366 (6th Cir. 2014) (citing *Bledsoe*).

The above-quoted conclusion of the ALJ must be read in the context of the entire decision. It was located after a careful discussion of the "B" criteria of Listing 12.04, and immediately before a detailed discussion of residual functional capacity devoted to an analysis of the impact of plaintiff's recognized mental impairments on her ability to work. Although plaintiff points to alternative evidence that she claims the ALJ (and the R&R) ignored (Obj. 817-18), "[t]he substantial-evidence standard . . . presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (alteration in original) (further citation omitted). This Court decides only whether there was substantial evidence to support the ALJ's decision. In that event, the Court is to defer. *Id.*

---

[4] Plaintiff's objection with respect to the "C" criteria is identical to her brief on the merits on the same issue. Therefore, it is not a true "objection" because it fails to point out any error in the R&R. Plaintiff merely disagrees with the R&R's conclusion.

Plaintiff's final objection is that the R&R does not recommend remand to obtain "an updated medical expert opinion" relating to equivalency (Obj. 818), which plaintiff argues is required by SSR 96-6p, in effect at the time of the administrative adjudication of her case.

Although plaintiff is correct that SSR 96-6p[5] was in effect when the ALJ rendered his decision, it was rescinded and replaced by SSR 17-2p.[6] Under the latter, the ALJ is not required to obtain medical expert evidence regarding equivalence if, as in this case, the ALJ "believes that the evidence does not reasonably support a finding that the individual's impairment(s) medically equals a listed impairment[.]" 2017 WL 3928306 at *4. Here, the ALJ thoroughly discussed plaintiff's mental impairments and articulated substantial evidence in support of his finding that plaintiff's conditions did not meet or medically equal Listing 12.04. Further record development is not required.

### III. CONCLUSION

For the reasons discussed above, plaintiff's objections to the R&R are overruled. The R&R is accepted. Because the defendant's decision was supported by substantial evidence, that decision is affirmed, and this case is closed.

**IT IS SO ORDERED**.

Dated: July 24, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[5] SSR 96-6p, 1996 WL 374180 (July 2, 1996).

[6] SSR 17-2P, 2017 WL 3928306 (March 27, 2017).